CHUCK GEERHART (SBN 139769)
LAW OFFICE OF CHUCK GEERHART
1388 Sutter Street, Suite 810
San Francisco, CA  94109
(415) 577-4992
Email: cgeerhart@gmail.com

Attorneys for Plaintiff M.T, a minor,
by his guardian ad litem Romelia Herrera de la Torre

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.T., A MINOR, BY HIS GUARDIAN AD LITEM ROMELIA HERRERA DE LA TORRE<br><br>Plaintiffs,<br><br>vs.<br><br>CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V., DBA VOLARIS AIRLINES AND DOES 1-30, INCLUSIVE<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>(Accident in International Transportation)<br><br>Jury Trial Demanded |

Plaintiff M.T., a minor, age 4, by his guardian ad litem Romelia Herrera De La Torre, alleges as follows:

PARTIES

1. Both Plaintiff M.T., a minor, and his guardian ad litem Romelia Herrera De La Torre are citizens

2. M.T. was born in 2017 and is a minor for whom a guardian ad litem either has been or will be appointed contemporaneous to the filing of this complaint. Romelia Herrera De La Torre is M.T.'s mother.

3. The status, residence and citizenship of the Defendants, so far as is now known to plaintiff, are as follows: Concesionaria Vuela Compañía De Aviación, S.A.P.I. de C.V., dba Volaris Airlines, (hereinafter referred to as "Volaris") is a foreign corporation domiciled in and existing under the laws of Mexico. Volaris is present and conducting business in the State of California and the Northern District thereof. Volaris is a registered foreign corporation with the California Secretary of State and lists it principal place of business as Oakland International Airport. Volaris regularly flies planes in and out of Norman Y. Mineta San Jose International Airport, which is within the Northern District of California. Volaris has sufficient minimum contacts within this district and this State such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

4. Plaintiff is is ignorant of the true names and capacities of Defendant DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 30, inclusive, when they have been ascertained. Plaintiffs allege that each defendant is the agent of each other defendant, acting with the authority thereof.

JURISDICTION AND VENUE

5. This Court has personal jurisdiction based on 28 U.S.C. § 1332, in that there is complete diversity of citizenship between plaintiff and defendant. This is a civil action between citizens who are residents of different or foreign states, and the amount in controversy exceeds $75,000.

6. Subject matter jurisdiction lies in this Court based on the Montreal Convention, Article

*M.T. v. Volaris Airlines et al*
USDC No.
COMPLAINT

2

33(1), in that the ultimate destination of Plaintiff's journey as ticketed was San Jose, California, in the United States of America. Volaris is a signatory to the Montreal Convention via the International Air Carrier Transportation Association (IATA) Intercarrier Agreement on Passenger Liability, as is Mexico.

7. Venue is proper pursuant to 28 U.S.C. §1391c because defendant Volaris is subject to personal jurisdiction in this district and regularly operates aircraft in airports within this district.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. At all time herein mentioned, Defendant Volaris was, and still is, a common air carrier of passengers for hire on regular schedules, over definite designated routes (including the routes that were to be traveled by Plaintiff as hereinafter alleged), soliciting the patronage of the traveling public, and advertising schedules for routes, times of departure and arrival, and rates of fare and other travel related services.

9. On or about April 14, 2021, plaintiff M.T., a minor, and Romelia Herrera De La Torre, mother of M.T, were traveling as fare paying passengers on a Volaris airlines ticket, and boarded Volaris flight Y4 930 at Guadalajara, Mexico, bound for San Jose, CA, which was their ultimate destination as ticketed. Plaintiff was therefore involved in "International Carriage" within the meaning of Article 1(2) of the Warsaw Convention and/or within the meaning of Article 1(2) of the Montreal Convention. Volaris was the "carrier" within the meaning of Article 1(2) of the Warsaw Convention and/or within the meaning of Article 1(2) of the Montreal Convention.

10. After departing from Guadalara on April 14, 2021, Volaris flight attendants, who were agents or employees of Volaris, offered refreshments to the passengers. Romelia Herrera De La Torre ordered a cup of soup for her son, minor plaintiff M.T., then age 3. Plaintiff alleges on information and belief that the soup which was prepared by Volaris employees or agents was the type where hot water is added to a cup of soup base, then stirred and combined to make the finished product. A Volaris flight attendant delivered the soup to the minor plaintiff's seat, and placed the soup on the tray table in front of M.T., who was by this time asleep.

11. The soup thereafter slipped off the tray table and landed in M.T.'s lap, while he was still sleeping, causing him severe burns in his genital area. Said burn injuries required extensive medical treatment, including surgery, and has forced plaintiff to incur medical expenses to treat the burns.

FIRST CAUSE OF ACTION

(Aviation accident under Warsaw/Montreal Conventions, as to all defendants and DOES 1-30)

12. Plaintiff incorporates by reference each preceding paragraph on this Complaint as if set forth fully herein.

13. As a common carrier for hire, Defendants and each of them owed plaintiff a duty of the highest care in the exercise of those responsibilities necessary for the training, staffing, and equipping of defendants' employees, in the operation, planning, equipping, maintenance and control of the flight in question, and in those responsibilities reasonably necessary for the protection, safety and health of the passengers aboard its aircraft.

16. Defendants and each of them breached their duty to plaintiff in that through their conduct they caused plaintiff M.T. to suffer severe burns when the excessively hot soup provided by defendants and placed on the tray table slipped off the tray table and onto M.T.'s lap.

17. At all relevant times, as to plaintiff herein, the conduct of Volaris and DOES 1-30 was unusual, unexpected, abnormal, external to plaintiff, and not associated with the normal operation of the aircraft. The conduct of Volaris and its employees/agents constituted the proximate legal cause of plaintiff's injuries. These actions, and their consequences, thus constitute an Article 17 "accident" pursuant to the Warsaw and Montreal Conventions.

18. As a direct legal and proximate result of the events alleged above, plaintiff suffered and sustained serious injuries, all to his general (non-economic) damages in excess of $75,000 to be proven at trial, and to his special (economic) damages for medical and related expenses, to be established through discovery and at trial when same is calculated.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General (non-economic) damages according to proof at trial;
2. Special (economic) damages (including but not limited to past and future medical expenses) according to proof at trial;
3. Pre-judgment interest, if and to the extent such is allowed by law;
4. Reasonable attorney fees, if and as permitted by a choice of law ruling;
5. Costs of suit incurred herein;
6. For an early adjudication by the Court that defendant Volaris owes and must pay to the plaintiff the sum of 100,000 SDR (special drawing rights), with leave to plaintiff to prove and collect additional damages pursuant to Article 21 of the Montreal Convention.
7. Such other and further relief as the Court may deem just and proper.

Dated: July 1, 2022

LAW OFFICE OF CHUCK GEERHART

CHUCK GEERHART
Attorney for Plaintiff

*M.T. v. Volaris Airlines et al*
USDC No.
COMPLAINT

5