UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.T.,<br><br>        Plaintiff,<br><br>    v.<br><br>CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV,<br><br>        Defendant. | Case No. 22-cv-03901-HSG<br><br>**ORDER GRANTING: (1) MOTION TO APPROVE MINOR'S COMPROMISE AND, (2) MOTION TO SEAL**<br><br>Re: Dkt. Nos. 36, 38 |

Pending before the Court are the plaintiff's unopposed (1) motion for approval of minor's compromise, *see* Dkt. No. 36 ("Mot."); and (2) administrative motion to file under seal, *see* Dkt. No. 38. The Court **GRANTS** the motion for approval of the minor's compromise and **GRANTS** the administrative motion to file under seal.

**I.    MOTION FOR APPROVAL OF COMPROMISE**

    **A.    Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); see Fed. R. Civ. P. 17(c) (providing that district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). When there is a proposed settlement in a suit involving a minor plaintiff, this "special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181, (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). As part of this inquiry, the "court must independently investigate and evaluate any compromise or settlement of a minor's

claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But the court must disregard the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the court has "no special duty to safeguard" their interests. *Id.*

### B. Discussion

Based on its review of the plaintiff's submissions, the Court finds that the proposed settlement is fair and reasonable and serves the best interests of the minor. The settlement provides certain recovery, as opposed to the uncertainty and delays associated with a possible unfavorable result in a case where liability is contested. The Court finds the settlement particularly fair and reasonable given the substantial difficulties and uncertainties inherent in litigating these claims, as well as the considerable efforts that went into settlement negotiations. For example, Defendant had a colorable factual argument that plaintiff's mother caused the accident to occur, or was at least contributorily at fault, which could have resulted in a defense verdict at trial, or reduced the judgment obtained at trial. Settling with the Defendant now and receiving the payment offered by Defendant provides the minor child with funds to compensate him for his loss.

The Court therefore **GRANTS** approval of the minor's compromise submitted by the parties and the distribution of the settlement amount owed to the minor Plaintiff into a single premium deferred annuity with Metropolitan Tower Life Insurance Company. The Court also finds the request for approval of attorney's fees and costs to be fair and reasonable in light of the facts of this case, and approves the distribution of attorney's fees as set forth in the motion to approve minor's compromise.

## II. MOTION TO SEAL

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal

2

Case 4:22-cv-03901-HSG   Document 47   Filed 06/13/23   Page 3 of 4

documents. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Id. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana,* 447 F.3d at 1178 (quotation omitted).

To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). However, documents attached to non-dispositive motions are not subject to the same strong presumption of access. *See id*. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

**B.     Discussion**

Because approval of the compromise of the action will terminate this suit, the Court will apply the "compelling reasons" standard to the parties' administrative motion to file under seal. *See Doe v. Mt. Diablo Unified Sch. Dist*., No. 14-CV-02167-HSG, 2015 WL 5438951, at *2 (N.D. Cal. Sept. 14, 2015); *see also Keirsey v. eBay, Inc*., No. 12-cv-1200, 2013 WL 5609318, at *2

3

(N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.").

The parties have entered into a confidential settlement agreement and seek to seal limited information related to the minor Plaintiff. *See* Dkt. No. 38 at pp. 2-3. As the plaintiff notes, "If sealing is denied, the information …will be available to any member of the public, who could potentially use it against the minor M.T. by exploiting his personal financial information and birthdate." *Id.* at 2.

The Court agrees, and finds that the information in the motion to seal and supporting documents meets the compelling reasons standard and should thus be shielded from public disclosure. Plaintiff has made a narrowly tailored request and articulated a compelling reason to seal each category of information identified. The redactions are modest, such that any interested observer would be able to understand these proceedings. The motion to seal identifies "a compelling reason to seal [with] tailored redactions of only the information to which that compelling reason applies." *Doe*, 2015 WL 5438951, at *2.

Accordingly, Plaintiff's motion to seal is **GRANTED**.

### III.   III. CONCLUSION

For the reasons described above, the Court **GRANTS** the motion for approval of the compromise of the action and **GRANTS** the administrative motion to file under seal.

**IT IS SO ORDERED.**

Dated: 6/13/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge